RAWLS, Judge
(dissenting).
The majority, in my opinion, correctly hold that the dangerous instrumentality doctrine is not applicable to the school board and that allowing high school students to ride in the back of a pickup truck would not necessarily constitute negligence.
Gary Booker testified on deposition as follows:
“We were working on a Math Club float for homecoming, you know, and we needed some lumber and Mr. Harrelson was our math teacher. I can’t remember —I think it was Algebra 1—
* * * * * *
“And he said if we could get a truck, to go down to his house. And Mike Lundy was in the Math Club and he took us. And when we got down there we got the lumber and was coming back and he was talking in the front and let his truck get over the line a little bit and he jerked it back; and when he jerked it I fell over the side and caught the side of the truck and slid for a pretty good while.
******
“I was leaning against the cab.”
Testimony of other witnesses reflect without contradiction that the boys had picked up the lumber from their sponsor’s home and were returning to the place where the float was located when the accident occurred. The school sponsor did not accompany them on this trip. I have difficulty in finding the “dearth of evidence” that the faculty supervisor was or was not in any way negligent in connection with Gary Booker’s riding in the back of the pickup truck.
I would affirm the summary judgment.